UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:20-CR-77-CEH-TGW

JOSE ISMAEL IRIZARRY

OPPOSITION TO DEFENDANT'S MOTION TO
CONTINUE SENTENCING

The United States, by and through the undersigned, respectfully opposes Defendant's Motion to Strike the Government's Sentencing Memorandum or Alternative Motion to Continue Sentencing Date. Doc. 99. The Government seeks to move forward with sentencing as scheduled on June 3, 2021, at 10 am.

I.   Law

"Sentencing is an essential ingredient of any prosecution," and Courts have a duty to impose sentence. *U.S. v. Ross*, 464 F.2d 376, 379 (2nd Cir. 1972); *see also U.S. v. Sabourin*, 157 F.2d 820, 821 (2nd Cir. 1946). Federal Rule of Criminal Procedure 32(b) governs the timing of sentencing, stating in pertinent part, "[t]he court must impose sentence without unnecessary delay," but also, "may, for good cause, change any time limits." F.R. Crim P. 32(b). At the same time, the Eleventh Circuit has recognized that, "the protection of the Sixth Amendment right to a speedy trial extends to sentencing." U.S. v. Danner, 429 Fed.Appx. 915, 917 (11th Cir. 2011).

II.   Argument

The Defendant was removed from his job in 2018 and then arrested by federal law enforcement on February 21, 2020. He pleaded guilty to all nineteen counts of an Indictment on September 14, 2020. Without opposition from the Government, this Court granted the Defendant's two previous motions to continue sentencing due to travel restrictions related to the Covid-19 pandemic and in the interest of justice. Those travel restrictions are no longer in place and the Government sees no reason for further delay.

Furthermore, no arguments put forth in the Government's Sentencing Memorandum should cause delay, nor should the length of the document be cause for delay or an order to strike. The Government outlined its position regarding sentencing in the Plea Agreement. Doc. 59 at 5-10. In fact, the Government and the Defendant agreed that they would litigate the application of USSG § 2S1.1(b) at sentencing and outlined their respective positions in the Plea Agreement signed in September of 2020. *Id*. at 8. The Government's position has also been restated to defense counsel in recent weeks in anticipation of the current hearing date.

III.   Conclusion

For the foregoing reasons, the Defendant's motion should be denied and sentencing should proceed without further delay.

Respectfully submitted,

DEBORAH L. CONNOR
Chief
Money Laundering and Asset Recovery Section

By: /s/ Joseph Palazzo .
Joseph Palazzo, Deputy Chief
MDFL Bar No. 0669666
U.S. Department of Justice, Criminal Division
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 514-1263
joseph.palazzo@usdoj.gov

Dated: June 2, 2021

## Certificate of Service

I hereby certify that on the above date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, knowing that a copy will be automatically generated and delivered electronically to all counsel of record.

By: /s/ Joseph Palazzo .
Joseph Palazzo
MDFL Bar No. 0669666