UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

CASE NO: 8:20-CR-77-CEH-TGW

vs.

JOSE ISMAEL IRIZARRY
    Defendant,
_____/

## **DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant, JOSE ISMAEL IRIZARRY, responds to the Government's sentencing memorandum as follows:

### Facts in Dispute

The government alleges that a Colombian drug trafficker was a co-conspirator. This is a known falsehood. The Government knows that the person who was "known to the DEA as a drug trafficker and money launderer," was not a drug trafficker[1]. The allegation included in the Presentence Investigation Report ("PSI") was based on rumors which have been clarified by the Defendant: the coconspirator is actually a person who smuggles merchandise into Colombia to avoid taxes. The government has the burden of proof regarding this allegation.

In the statement of facts, the Defendant admitted that the person was "known

---

[1] See Docket Entry 94 – Paragraph 29.b

to the DEA as a drug trafficker" but reserved as to the issue. Since the change of plea, the information now received and acknowledged by the United States is that the co-conspirator is not a drug trafficker. This was a belief based on rumors, not evidence.

## Objection to the Six Level Increase pursuant to § 2S1.1

The irrefutable fact in this case is that the funds that the Defendant was handling were funds deposited into a DEA controlled account. As explained in Defendant's Objection to the PSI, not only did the DEA make a commission from these funds, but it also functions as a slush fund for official and personal travel for DEA, ICE, FBI Agents, Assistant US Attorneys, and confidential sources. Additionally, confidential sources were also paid from the DEA Protected Generated Income ("PGI") funds.

The government contends that the six-level upward adjustment is applicable to the Defendant because:

> (1) the Defendant knew or believed that any of the laundered funds were the proceeds of a controlled substance offense; or (2) the Defendant knew or believed that any of the laundered funds were intended to promote a controlled substance offense.

The government relies on the case of *United States v. Magluta*, 418 F.3d 1166 (11th Cir. 2005), wherein the Court of Appeal declined to rule that "the level of government involvement in this case was enough to change the nature of the proceeds." Id. The facts in *Magluta* are different from the case at bar: (1) the funds were received but not comingled with other funds, (2) the funds were received as part of an individual investigation, and not as part of a Government Approved ongoing operation deigned not only to track the source and final destination of

funds, but to produce a profit to the DEA, (3) the funds designated to reach the particular recipient eventually did reach the recipient.

Further, the Government urges the court to follow the reasoning in *United States v. Barton*, 32 F.3d 61 (4th Cir. 1994). The holding in deals with the amendment intended to cover knowledge and belief and focuses on both the state of mind and understanding of the Defendant. In the case at bar, the Defendant had actual knowledge that the funds at issue had been seized by the United States, were now controlled by the DEA under an approved program and had in fact been comingled with other funds seized from other operations.

The issue before this Court is not exactly the one dealt with in *US v. Breque*, 964 F.2d 381, 1992 U.S. App. LEXIS 13469 (5th Cir.) and the intention behind the November 1, 1991 amendment that included the Defendant's belief. However, the Court's analysis of the Commission's **motive and reasoning** for the amendment, however, is important to the analysis of the issues before this Court in this case.

The 1991 amendment changed the text to "knew or believed" from "knew." This was intended to prevent the interposition of the impossibility defense when controlled funds were received by a Defendant in a DEA operation. However, the basis of the impossibility defense is premised on circumstances as understood or believed by the Defendant [*United States v. Contreras*, 950 F.2d 232, 237 (5th Cir.1991) (impossibility is not a defense if the crime could have been committed had the attendant circumstances been as the actor believed them to be), cert. denied, _ U.S. _, 112 S. Ct. 2276, 119 L. Ed. 2d 202 (1992) United *States v.*

*Perez*, 992 F.2d 295, 298 (11th Cir. 1993)]. In the case at bar, however, the Defendant **knew** that the funds were transferred into accounts that were government-controlled *ad initio*. These funds changed in character from the moment that they were deposited and were in fact comingled with other funds present in the account.

The Government's entire contention is that the Defendant knew that the funds were drugs proceed is misplaced due to the nature of the bank account and the use of the funds. As explained in the OIG memo[23,] money that is deposited in these government-controlled accounts produces a profit that is then used by the different agencies as a slush fund to pay for travel and other expenses. The funds are deposited into the account, commingled with other funds, and are then sent to individuals who were the original intended recipients. A key part of the case at bar is that the funds did eventually go to the intended recipients, and what the Defendant and his co-defendant kept was the commission.

Hence, the Defendant's belief as to the legality of the transfers and the characteristic of the money is in fact critical to the case at bar. The Defendant's "belief" or understanding as to the nature and character of the funds – the relevant point in this analysis – points to his use of these funds not as proceeds of specified illegal activity. See *United States v. Barton*, 32 F.3d 61, 67 (4th Cir. 1994).

---

2 See Attached Exhibit A – OIG Memo re: Audit of the Drug Enforcement Administration's Income-Generating, Undercover Operations
3 Undersigned counsel submits Exhibit A – the OIG Memo under the Fed. R. Evid. 925(5).

Thus, the Defendant did not "know or believe" that the funds were the proceeds of a specified illegal activity, but rather funds used as part of an investigation. His intention, therefore, was not the promotion of a specified activity since the funds were ultimately arriving with the intended person. If the Defendant in fact was stealing or misappropriating the funds, this increase should not apply.

The government additionally claims that the Defendant received $500,000 in drug proceeds. There is no evidence to support the contention that the funds he received were in fact drug proceeds.

## RELIEF REQUESTED

WHEREFORE, Defendant, IRIZARRY, requests this Court grant the requested relief and not impose the six (6) level adjustment.

## CONCLUSION

WHEREFORE, the Defendant, JOSE ISMAEL IRIZARRY, by and through his undersigned counsel prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

Respectfully submitted,

Humberto R. Dominguez
Florida Bar No.: 837903
150 West Flagler Street
Penthouse Two – 2900
Miami, Florida 33130
Telephone: (305) 373-6400
Facsimile: (305) 373-0396
E-Mail: Bert@hdominguezlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2021, this document was filed with the Clerk of the United States District Court for the Middle District of Florida via CM/ECF which will send notice to all counsel of record.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903
150 West Flagler Street
Penthouse Two – 2900
Miami, Florida 33130
Telephone: (305) 373-6400
Facsimile: (305) 373-0396
E-Mail: Bert@hdominguezlaw.com