UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.    CASE NO. 8:20-CR-77-CEH-TGW

JOSE ISMAEL IRIZARRY

Government's Notice of Compliance

On June 23, 2021, following the defendant's sentencing hearing and at the direction of the Court, counsel for the government and defendant immediately conferred to resolve the issues raised at the hearing. The parties have also corresponded throughout June 24 and June 25 but cannot yet agree on a responsive stipulation. While the parties continue to seek resolution, the government represents the following:

1. The issue now before the court is the potential application of an additional six offense levels under USSG § 2S1.1(b)(1)(i), as recommended by the PSR (Doc. 94) and the government (Doc. 97). The defendant is opposed to the application of USSG § 2S1.1(b)(1)(i) and argues legal impossibility. (Doc. 82 and 103).

2. More precisely at issue is whether funds collected by DEA during undercover operations can legally continue to be considered drug proceeds after they have been deposited in undercover DEA accounts, regardless of what the defendant knew or believed them to be. Defense counsel contends that all funds

1

acquired by DEA during undercover operations immediately become government property and can no longer be considered drug proceeds. The defendant further seeks the court's consideration of evidence submitted by the defendant at the June 23 hearing, including his testimony, that a source of the money he diverted from DEA bank accounts was a Colombian smuggler and not a drug trafficker.

3. The government contends that drug proceeds in government possession are legally still considered drug proceeds, even if they are subsequently diverted for illicit purposes. The government further contends that the defendant is precluded by the plea agreement from entering new facts into evidence. Doc. 59 at 8.

4. The sealed filing in another criminal case referenced by defense counsel at oral argument as possible *Brady* material is not in fact *Brady* material. Said filing is currently in the possession of defense counsel and the prosecution team has never seen it or known of its existence. Defense counsel has begun assisting the prosecution team to identity and acquire a copy of the document.

5. The parties will continue in good faith to confer and attempt to resolve all issues raised at the June 23 sentencing hearing.

Respectfully submitted,

DEBORAH L. CONNOR
Chief
Money Laundering and Asset Recovery Section

By: /s/ *Joseph Palazzo*

Joseph Palazzo, Trial Attorney
MDFL No. 0669666
Mark A. Irish, Trial Attorney
Puerto Rico Bar No. 209107
U.S. Department of Justice, Criminal Division
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 514-1263
joseph.palazzo@usdoj.gov
mark.irish2@usdoj.gov

Dated: June 26, 2021

## Certificate of Service

    I hereby certify that on June 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, knowing that a copy will be automatically generated and delivered electronically to all counsel of record.

                            By: /s/ *Joseph Palazzo*
                                    Joseph Palazzo, Trial Attorney
                                    MDFL Bar No. 0669666