Jose Ismael Irizarry
8:20-cr-77-CEH-TGW

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**   Case Number: 8:20-cr-77-CEH-TGW

**v.**   USM Number: 53977-069

**JOSE ISMAEL IRIZARRY**   Maria A. Dominguez, Retained
   Carlos A. Perez-Irizarry, Retained

### JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, and Nineteen of the Indictment. Defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| 18 U.S.C. § 1956(h). | Conspiracy to Commit Money Laundering, | Beginning on a date unknown to the Grand Jury, but no later than in or about February of 2011, and continuing through a date unknown to the Grand Jury, but no earlier than in or about January of 2018 | One |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | February 19, 2015 | Two |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | February 19, 2015 | Three |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud4 | February 27, 2015 | Four |

Jose Ismael Irizarry
8:20-cr-77-CEH-TGW

| | | | |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | February 27, 2015 | Five |
| 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | Beginning on a date unknown to the Grand Jury, but no later than in or about March of 2015, and continuing until a date unknown to the Grand Jury, but no earlier than in or about June of 2017 | Six |
| 18 U.S.C. § 1344 | Bank Fraud | April 10, 2015 | Seven |
| 18 U.S.C. § 1344 | Bank Fraud | April 13, 2015 | Eight |
| 18 U.S.C. § 1344 | Bank Fraud | May 14, 2015 | Nine |
| 18 U.S.C. § 1344 | Bank Fraud | May 14, 2015 | Ten |
| 18 U.S.C. § 1344 | Bank Fraud | May 18, 2015 | Eleven |
| 18 U.S.C. § 1344 | Bank Fraud | May 18, 2015 | Twelve |
| 18 U.S.C. § 371 | Conspiracy to Commit Aggravated Identity Theft | Beginning on a date unknown, but no later than in or about March of 2015, and continuing through and including at least in or around June of 2017 | Thirteen |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | April 10, 2015 | Fourteen |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | April 13, 2015 | Fifteen |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | May 14, 2015 | Sixteen |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | May 14, 2015 | Seventeen |

**Jose Ismael Irizarry**
8:20-cr-77-CEH-TGW

| 18 U.S.C. § 1028A | Aggravated Identity Theft | May 18, 2015 | Eighteen |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | May 18, 2015 | Nineteen |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

December 9, 2021

*Charlene Edwards Honeywell*
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

December __9__, 2021

Jose Ismael Irizarry
8:20-cr-77-CEH-TGW

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 145 months. This term consists of a 121 month term as to Counts One through Twelve, and a 60 month term as to Count Thirteen, all such terms to run concurrently with each other, as well as a term of 24 months as to Counts Fourteen through Nineteen, to be served consecutive to the term of imprisonment in Counts One through Thirteen, but concurrent with each other.

Defendant shall report to the facility designated by the Bureau of Prisons by 2 p.m. on January 7, 2022.

The Court makes the following recommendations to the Bureau of Prisons:

1. Defendant be incarcerated at the closest correctional facility with the appropriate security level to FPC Montgomery as his first choice and FPC Pensacola as his second choice.
2. Defendant be considered for the 500 Hour Residential Drug Abuse Program (RDAP), if eligible, or any appropriate substance abuse treatment and counseling program.

Defendant shall report immediately to U.S. Marshal Service for processing and further instructions.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

**Jose Ismael Irizarry**
8:20-cr-77-CEH-TGW

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of 3 years. This term consists of 3 years as to each of Counts One through Thirteen and 1 year each as to Counts Fourteen through Nineteen, all to be served concurrently.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of controlled substances. Defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. Defendant shall submit to random drug testing not to exceed 104 tests per year.
4. Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

**Jose Ismael Irizarry**
8:20-cr-77-CEH-TGW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.

...
...

**Jose Ismael Irizarry**
8:20-cr-77-CEH-TGW

10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____      Date:_____

Jose Ismael Irizarry
8:20-cr-77-CEH-TGW

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, Defendant is directed to submit to random drug testing.

2. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. Defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

4. Defendant shall provide the probation officer access to any requested financial information.

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment[*] | JVTA Assessment[**] |
|---|---|---|---|---|
| $1,900.00 | $11,235.43 | WAIVED | N/A | N/A |

[*]Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pu. L. No. 115-299.
[**]Justice for Victims of Trafficking Act of 2015, Pub.L. No. 114-22.
[***]Findings for the total amount of losses, are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Jose Ismael Irizarry**
8:20-cr-77-CEH-TGW

Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| <u>Name of Payee</u> | <u>Restitution Ordered</u> |
|---|---|
| Clerk, U.S. District Court<br>ATTN: DCU<br>401 W Central Boulevard<br>Suite 1200<br>Orlando, FL 32801 | $11,235.43 |

for the benefit of: J.O.M.

Please contact:
Ms. Chris Griffiths
U.S. Attorney's Office
for victim information
813-274-6000

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Defendant shall pay restitution in the amount of $11,235.43 to J.O.M. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim(s). While in the Bureau of Prisons' custody, Defendant shall either (1) pay at least $25 quarterly if Defendant has a non-Unicor job or (2) pay at least 50% of Defendant's monthly earnings if Defendant has a Unicor job. Upon release from custody, Defendant shall be required to make monthly payments in the amount of $200 per month. At any time during the course of post-release supervision, the victim, Government, or Defendant, may notify the Court of a material change in the Defendant's ability to pay and the Court may adjust the payment schedule accordingly. The Court finds that Defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

**Jose Ismael Irizarry**
8:20-cr-77-CEH-TGW

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) *restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

*The Court waives the interest requirement for restitution.

## FORFEITURE

The Preliminary Order of Forfeiture (Doc. 104) entered on June 23, 2021 is made a part of the judgment.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 8:20-CR-77-CEH-TGW

**JOSE ISMAEL IRIZARRY**

### PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court on the United States' Consent Motion for Preliminary Order of Forfeiture for the following assets:

> One Tiffany diamond ring purchased on about December 6, 2013, assigned asset identification number 20-FBI-006403, and referenced in paragraphs 19 and 66 of the Indictment (the "RING"); and
>
> One Lamborghini Huracan Spyder, Vehicle Identification Number ZHWUR1ZF7HLA05916, assigned AFTRAK number 59180005-01, assigned asset number 2018650050000301-002 by IRS-Criminal Investigations, and referenced in paragraphs 27 and 66 of the Indictment (the "CAR"),

pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(2).

Being fully advised in the premises, the Court hereby finds that the United States has established the requisite nexus between the Defendant's money laundering offense in violation of 18 U.S.C. § 1956(h), charged in Count One of the Indictment, and the RING and the CAR. Accordingly, it is hereby:

ORDERED, ADJUDGED, AND DECREED that for good cause shown, the United States' Consent Motion for a Preliminary Order of Forfeiture (Doc. 98) is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2), the Defendant's interest in the RING and the CAR are hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that:

1. The United States will provide written notice to all third parties known to have an alleged legal interest in the RING and the CAR and will publish notice on the internet at www.forfeiture.gov.

2. That any person, other than the Defendant, who has or claims any right, title or interest in the RING or the CAR must file a petition with this Court for a hearing to adjudicate the validity of their alleged interest in the RING or the CAR. The petition should be mailed to the Clerk of the United States District Court, Tampa Division, Sam M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

3. The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the assets identified above, the time and circumstances of the

petitioner's acquisition of the right, title or interest in the assets identified above, and any additional facts surrounding the petitioner's claim and the relief sought.

4. After receipt of the petition by the Court, the Court will set a hearing to determine the validity of the petitioner's alleged interest in the assets identified above.

5. That upon adjudication of all third-party interests in the assets identified above, this Court will enter a Final Judgment of Forfeiture in which all interests will be addressed.

6. The Court retains jurisdiction to entertain any third party claims that may be asserted in these proceedings, and to enter any further orders necessary for the forfeiture and disposition of the property.

DONE and ORDERED this 23rd day of June, 2021, in Tampa, Florida.

Charlene Edwards Honeywell
United States District Judge

Copies to: Joseph Palazzo, Deputy Chief
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Dept. of Justice
1400 New York Avenue, NW - 10th Floor
Washington, DC 20005
joseph.palazzo@usdoj.gov
Attorneys of Record